UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| ACCESS FOR THE DISABLED, INC., a Florida not for profit corporation, and DENISE PAYNE, Individually,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>J C PENNEY PROPERTIES INC., A Delaware Corporation,<br><br>　　　　　Defendant.<br>_____/ | :<br>:<br>:<br>:<br>: Case No. 8:09-cv-1395<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**FIRST AMENDED COMPLAINT**
(Injunctive Relief Demanded)

Plaintiffs, ACCESS FOR THE DISABLED, INC., a Florida Non Profit Corporation, and DENISE PAYNE, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, J C PENNEY PROPERTIES INC., A Delaware Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, ACCESS FOR THE DISABLED, INC., is a non-profit corporation formed under the laws of the State of Florida. ACCESS FOR THE DISABLED, INC. maintains its principal office at 1440 Coral Ridge Drive, Coral Springs, Florida, in the County of Broward.

2. Defendant's property, Forest Park Village, 2401 Donnell Drive, Forestville, MD. 20747, is located in the County of Prince George's.

3.  On information and belief, JC Penney engages in a pattern and practice of discriminating against qualified persons with disabilities in as follows:

   a. Defendant operates under a national brand name, advertises nationally through various media and actively solicits patronage from customers nationwide. JC Penney solicits patronage from customers nationally and from long distances and who travel, while discouraging similar patrons who are disabled.  JC Penney has a pattern and practice of depriving disabled patrons their civil rights accorded under the ADA unless such persons live within a short distance of a given JC Penney store or property. JC Penney discourages disabled patrons from traveling long distances to visit its stores.

   b.  Defendant encourages, advertises to, and solicits patronage of non-disabled patrons, to visit multiple JC Penney stores and properties, no matter where they are located in the country.  By contrast, JC Penney discriminates against similarly situated disabled patrons by depriving them their civil rights accorded under the ADA with respect to any and all JC Penney stores and properties except those stores or properties which are located closest to the disabled patron's residence.  JC Penney discourages such disabled patrons from visiting any but the closest JC Penney store or property.

   c.  Defendant encourages, advertises to, and solicits patronage of non-disabled patrons to visit its stores on an immediate, impulsive, or short term basis with no notice or few days in advance.  By way of non-exclusive example, JC Penney advertises to the non-disabled public with notices of weekend sales and other short

or near term events intended to attract the non-disabled public.  Such patrons are encouraged to visit JC Penney stores and properties by impulse, based on short term plans or no advance plans.  By contrast, JC Penney discriminates against and deprives disabled patrons of their civil rights accorded under the ADA unless such patrons have made a long term plan many months in advance to attend a particular JC Penney store or property on a specified date.  JC Penney discourages disabled patrons from visiting a JC Penney store or property based on short term plan or impulse.

d.  Defendant, by pattern and practice, discriminates against and deprives disabled persons their civil rights accorded under the ADA by requiring that they visit a particular, specified store multiple times before their rights vest.

e.  Defendant encourages, advertises to and solicits patronage of non-disabled persons at each and every store nationwide, regardless whether such persons have any contacts with the geographic area of a given store, have ever been to the geographic area in the past or will ever travel to the geographic area again.  By contrast, by pattern and practice, Defendant discriminates against, discourages and deprives similarly situated disabled persons.

f.  Defendant has had ample notice that its stores nationwide are not in compliance with the ADA.  Defendant has failed, and continues to fail, to implement adequate measures to bring its stores into compliance unless and until it is sued by a disabled individual.  Defendant's policy is to wait until it is sued before it brings a store into ADA compliance.  Defendant thus brings its stores into ADA compliance on a

        lawsuit-by-lawsuit basis, rather than a readily achievable basis since the inception of the ADA.

        g.  Defendant has floor, display, and counter plans, policies and specifications common to all stores nationally which cause each store to violate the requirements of the ADA by narrowing spaces between displays to prevent wheelchair passage and by providing counters with excessive height.

        h.  Defendant discriminates against disabled persons by sorting them into separate classes based on the above criteria.

        h.  In depriving disabled patrons of their civil rights accorded under the ADA, as referenced herein, Defendant denies disabled persons of the opportunity to participate in, benefit from, or fully and equally enjoy its goods, services, facilities, privileges, advantages, and accommodations.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff DENISE PAYNE is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. DENISE PAYNE has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered her safety.

      The Plaintiff is also a member of the Plaintiff organization, ACCESS FOR THE DISABLED, INC., discussed below in paragraph 6.

6.     Plaintiff ACCESS FOR THE DISABLED, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS FOR THE DISABLED, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  ACCESS FOR THE DISABLED, INC. has also been discriminated against because of its association with its disabled members and their claims.

7.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Forest Park Village, 2401 Donnell Drive, Forestville, MD. 20747.

8.     ACCESS FOR THE DISABLED, INC. and DENISE PAYNE have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the

allegations in paragraph 10 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. DENISE PAYNE desires to visit Forest Park Village, 2401 Donnell Drive, Forestville, MD. 20747 not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 <u>et</u> <u>seq</u>.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Forest Park Village, 2401 Donnell Drive, Forestville, MD. 20747 has shown that violations exist. These violations include, but are not limited to:

## **Parking**

1. Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

2. There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

3. Some of the accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG whose resolution is readily achievable.

4. Some of the disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

### **Entrance Access and Path of Travel**

1. There are curb ramps at the facility that contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG whose resolution is readily achievable.

2. The curb ramps do not provide detectable warning the full length and width of the ramp violating Section 4.7.7 of the ADAAG whose resolution is readily achievable.

3. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

4. The floor mat or carpet at the entry door is not fastened to the floor surface violating Section 4.5.3 of the ADAAG whose resolution is readily achievable.

### **Access to Goods and Services**

1. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

2. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

3. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

4. There are vending machines for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

5. There is an ATM provided for public use that does not comply with the requirements of Section 4.34 of the ADAAG whose resolution is readily achievable.

6. There are self-service areas with dispensers whose controls cannot be operated with a closed fist violating are Section 4.27.4 of the ADAAG whose resolution is readily achievable.

7. There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG whose resolution is readily achievable.

## **Restrooms**

1. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

2. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

3. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

4. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

5. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

6. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

7. There is a changing area provided for public use that does not comply with the requirements of the ADAAG whose resolution is readily achievable.

8. Some of the restrooms do not provide the required amenities for public use violating the provisions of the ADAAG whose resolution is readily achievable.

9. Some of the restrooms do not provide the required latch side clearance violating the provisions of the ADAAG whose resolution is readily achievable.


11. The discriminatory violations described in paragraph 10 are not an exclusive list of the

   Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's place of

   public accommodation in order to photograph and measure all of the discriminatory acts

violating the ADA and all of the barriers to access.  The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 <u>et seq</u>. and 28 CFR 36.302 <u>et seq</u>.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Forest Park Village, 2401 Donnell Drive, Forestville, MD. 20747 to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

          Respectfully Submitted,

          Pete M. Monismith, Esq.
          MD Bar ID#29053
          Thomas B. Bacon, P.A.
          1710 Quarry Lane
          Apollo, PA 15613
          (724) 610-1881
          monismith@thomasbaconlaw.com

          By: /s/ Pete M. Monismith
             Pete M. Monismith, Esq.